## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| BOTTOM LINE RESULTS, ) | Case No. 16-12112 HRT |
| ) | Chapter 7 |
| Debtor. ) | |

_____

### MOTION FOR ALLOWANCE AND APPROVAL OF PAYMENT OF
### ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(b)(1)(A)
_____

David E. Lewis, chapter 7 trustee, through his counsel Sender Wasserman Wadsworth, P.C., for his Motion for Allowance and Approval of Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(b)(1)(A) states as follows:

1. The Trustee is the duly appointed chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of the Debtor.

2. The Bankruptcy Estate includes the real property and improvements located at 875 Teller Lane, Woodland Park, Colorado 80863 (the "Property").

3. The Property is encumbered by three deeds of trust. The first deed of trust was granted in favor of Addison Avenue Credit Union ("Addison") to secure a promissory note in the original amount of $98,000. Upon information and belief, the amount owed Addison when the bankruptcy case was filed was approximately $60,000.

4. The second deed of trust was granted in connection with the Debtor's pre-petition Ponzi scheme in favor of Equity Trust Company Custodian FBO Gary R. Carls IRA to secure a promissory note in the original principal amount of $60,000. The third deed of trust was also granted in connection with the Debtor's pre-petition scheme in favor of Equity Trust Company Custodian FBO Marilou Lissandrello IRA to secure a promissory note in the original principal amount of $13,000. If the Trustee is able to sell the Property for an amount in excess of $60,000, the Trustee intends to commence an adversary proceeding to avoid and preserve the second and third deeds of trust pursuant to 11 U.S.C. §§ 544 and 551.

5. In late September, 2016, the Trustee discovered mold and water damage in the Property.

6. The Trustee has received an estimate for the cost of mitigating the mold and repair damage to the Property, a copy of which is attached hereto as Exhibit A, from Delta Disaster Services of Southern Colorado ("Delta"). Delta estimates the repair costs will total $22,948.64. The proposed remediation is also described with specificity in Exhibit A.

7. The Property is insured and the Trustee has notified the carrier and made a claim regarding the damage. The Trustee asserts and believes that all of the damages are covered by the insurance policy. However, as of the filing date of the within motion, the insurer has not confirmed the extent to which it will cover the loss.

8. The Trustee has grave concerns regarding the potential for further damage if the mold and water damage are not immediately remediated. Accordingly, through the within motion, the Trustee seeks authorization to incur and pay the costs of repairing the Property in an amount not to exceed $30,000. The Trustee seeks a "cushion" over the Delta estimate to address unforeseen expenses without the need to return to Court for further approval. It is the Trustee's intent to employ Delta to perform the repair work and he seeks entry of an order approving the motion *nunc pro tunc* October 14, 2016, the date of the filing of the motion.

9. The Trustee has received value estimates for the Property in amounts ranging from $148,000-$210,000. All of these estimates were "drive-by" estimates and did not include analysis of the interior of the improvements to the Property. None of these estimates accounted for the mold/water damage to the Property. The Trustee also received a purchase offer in the amount of $89,000, which offer was rejected.

10. The Trustee asserts that the relief requested is reasonable and necessary, and the proposed costs are "actual, necessary costs and expenses of preserving the estate" as required for approval under 11 U.S.C. § 503(b). It is anticipated that the Bankruptcy Estate will be reimbursed by its insurer for the costs and the costs will therefore have no net effect on the distribution to creditors. However, even if the costs are not fully reimbursed, given the anticipated value of the Property and the likely equity over and above the Addison deed of trust, the costs will likely be recovered in connection with a sale of the Property. In other words, by incurring the expense, the value of the Property should be maintained and result in a greater net recovery than if the expense is not incurred. If the mold issue is not addressed, not only may the ultimate repairs costs increase, but the Property may not even be marketable.

11. 11 U.S.C. § 503(b)(1)(A) permits allowance, after notice and a hearing, of administrative expenses including "the actual, necessary costs and expenses of preserving the estate." As stated, the costs proposed herein are actual, necessary costs of preserving the estate. The purpose of the administrative expense proposed herein is to remediate the mold and water damage and return the Property to its prior condition. Such expenses are therefore actual and necessary costs of preserving the estate.

12. By separate motion, the Trustee shall seek to reduce the notice period for this motion from twenty-one (21) to seven (7) days.

WHEREFORE, the Trustee prays for entry of an Order allowing the administrative expenses proposed herein *nunc pro tunc* October 14, 2016, authorizing the Trustee to pay said expenses, and granting such other relief as deemed proper.

Dated this 14th day of October, 2016.

                Respectfully submitted,

                SENDER WASSERMAN WADSWORTH, P.C.

                */s/ David V. Wadsworth*

                David V. Wadsworth, #32066
                1660 Lincoln Street, Suite 2200
                Denver, Colorado 80264
                303-296-1999 / 303-296-7600 FAX
                dwadsworth@sww-legal.com
                Counsel for the Chapter 7 Trustee