# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| BOTTOM LINE RESULTS, ) | Case No. 16-12112 HRT |
| ) | Chapter 7 |
| Debtor. ) | |

_____

## MOTION FOR ALLOWANCE AND APPROVAL OF PAYMENT OF
## ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(b)(1)(A)
_____

David E. Lewis, chapter 7 trustee, through his counsel Sender Wasserman Wadsworth, P.C., for his Motion for Allowance and Approval of Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(b)(1)(A) states as follows:

1. The Trustee is the duly appointed chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of the Debtor.

2. The Bankruptcy Estate includes the real property and improvements located at 187 Beaver Lake Drive, Divide, CO 80814 ("187 Beaver Lake") and 1235 County Road 1, Cripple Creek, Colorado 80863 (the "1235 CR 1" and, together with 187 Beaver Lake, the "Properties").

3. 187 Beaver Lake is encumbered by two deeds of trust. The first deed of trust was granted in favor of ETrade Mortgage and subsequently assigned to Wells Fargo Bank, N.A. to secure a promissory note in the original amount of $206,200.00. Wells Fargo represented to the Court in its motion seeking relief from the automatic stay that the current amount it claims due is $169,125.81.

4. The second deed of trust against 187 Beaver Lake was granted in connection with the Debtor's pre-petition Ponzi scheme in favor of the Marlene F. Whittaker Revocable Trust to secure a promissory note in the original principal amount of $69,306.00. If the Trustee is able to sell the Property for an amount in excess of $169,125.81, the Trustee intends to commence an adversary proceeding to avoid and preserve the second deed of trust pursuant to 11 U.S.C. §§ 544 and 551.

5. 1235 County Road 1 is also encumbered by two deeds of trust. The first deed of trust was granted in favor of Chase Manhattan Mortgage Corporation and subsequently assigned to the Federal National Mortgage Association ("Fannie Mae") to secure a promissory note in the original amount of $124,214.00. Upon information and belief, the amount owed Fannie Mae when the bankruptcy case was filed was approximately $98,000.

6. The second deed of trust against 1235 County Road 1 was granted in connection with the Debtor's pre-petition Ponzi scheme in favor of Equity Trust Company Custodian FBO Robert R. Whittaker IRA to secure a promissory note in the original principal amount of $180,000.00. If the

Trustee is able to sell the Property for an amount in excess of $98,000.00, the Trustee intends to commence an adversary proceeding to avoid and preserve the second deed of trust pursuant to 11 U.S.C. §§ 544 and 551.

7. Both Properties are also encumbered by two judgments liens. One judgment lien is held by CACH, LLC and the other is held by John C. Sleeper and Sharon J. Sleeper. The Trustee has commenced adversary proceedings against both judgment lienholders to avoid and preserve their judgment liens pursuant to 11 U.S.C. §§ 547 and 551.

8. The Trustee intends to liquidate the Properties. However, recent inspections by the Bankruptcy Estate's real estate brokers revealed substantial amounts of trash and other waste at both Properties that must be removed prior to listing. If the trash is removed, the Trustee believes each of the Properties will be listed at amount substantially higher than the amounts due under the first deed of trust against each of the Properties.

9. The Trustee received two bids for the trash removal for each of the Properties. With respect to 187 Beaver Lake, the low bid in the amount of $2,000 was submitted by The House Wizard. With respect to 1235 CR 1, the low bid in the amount of $4,300 was submitted by Likkel Construction. Copies of the two bids are attached hereto as <u>Exhibits A and B</u>.

10. The Trustee received authorization from the Court on August 23, 2016 to incur expenses in amounts up to $1,000 for property preservation without further Court approval. Because each of the bids described herein exceeds $1,000, the Trustee seeks authorization to incur and pay the two costs pursuant to 11 U.S.C. § 503(b).

11. The Trustee asserts that the relief requested is reasonable and necessary, and the proposed costs are "actual, necessary costs and expenses of preserving the estate" as required for approval under 11 U.S.C. § 503(b). It is anticipated that as a result of the trash removal, each of the Properties will be marketable, and the trash removal costs incurred will likely be recovered in connection with the sales of the Properties. On the other hand, if the costs are not incurred, there are concerns that the Properties will not sell at all or the sale prices will be depressed far more than the amount of the trash removal costs.

12. 11 U.S.C. § 503(b)(1)(A) permits allowance, after notice and a hearing, of administrative expenses including "the actual, necessary costs and expenses of preserving the estate." As stated, the costs proposed herein are actual, necessary costs of preserving the estate. The purpose of the administrative expenses proposed herein is to return the Properties to marketable condition. Such expenses are therefore actual and necessary costs of preserving the estate.

13. By separate motion, the Trustee shall seek to reduce the notice period for this motion from twenty-one (21) to eight (8) days.

WHEREFORE, the Trustee prays for entry of an Order allowing the administrative expenses proposed herein, authorizing the Trustee to pay said expenses, and granting such other relief as deemed proper.

Dated this 17th day of November, 2016.

Respectfully submitted,

SENDER WASSERMAN WADSWORTH, P.C.

*/s/ David V. Wadsworth*

---

David V. Wadsworth, #32066
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
303-296-1999 / 303-296-7600 FAX
dwadsworth@sww-legal.com
Counsel for the Chapter 7 Trustee