# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| BOTTOM LINE RESULTS, ) | Case No. 16-12112 HRT |
| ) | Chapter 7 |
| Debtor. ) | |

___

## MOTION FOR ALLOWANCE AND APPROVAL OF PAYMENT OF
## ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

___

David E. Lewis, chapter 7 trustee, through his counsel Sender Wasserman Wadsworth, P.C., for his Motion for Allowance and Approval of Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(b)(1)(A) states as follows:

1. The Trustee is the duly appointed chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of the Debtor.

2. The Bankruptcy Estate includes the real property and improvements located at 70 Spruce Drive, Woodland Park, Colorado 80863 (the "Property").

3. The Property is encumbered by three deeds of trust, the second and third of which the Trustee believes are avoidable because they were granted in connection with the Debtor's pre-petition Ponzi scheme.

4. The Trustee intends to liquidate the Property. However, recent inspections by the Bankruptcy Estate's real estate brokers revealed substantial amounts of trash and other waste at the Property that must be removed prior to listing. If the trash is removed, the Trustee intends to list the Property for sale at a price higher than the undisputed amount secured by the first deed of trust. In addition, if the Property is sold, the Trustee will commence an adversary proceeding to avoid and preserve the second and third deeds of trust pursuant to 11 U.S.C. §§ 544 and 551.

5. The Trustee received a bid in the amount of $2,500 for the trash removal from The House Wizard.

6. The Trustee received authorization from the Court on August 23, 2016 to incur expenses in amounts up to $1,000 for property preservation without further Court approval. Because the bid described herein exceeds $1,000, the Trustee seeks authorization to incur and pay the trash removal cost in the amount of $2,500 pursuant to 11 U.S.C. § 503(b).

7. The Trustee asserts that the relief requested is reasonable and necessary, and the proposed costs are "actual, necessary costs and expenses of preserving the estate" as required for approval under 11 U.S.C. § 503(b). It is anticipated that as a result of the trash removal, the

Property will be marketable, and the trash removal costs incurred will likely be recovered in connection with the sale of the Property. On the other hand, if the costs are not incurred, there are concerns that the Property will not sell at all or the sale price will be depressed far more than the amount of the trash removal costs.

8. 11 U.S.C. § 503(b)(1)(A) permits allowance, after notice and a hearing, of administrative expenses including "the actual, necessary costs and expenses of preserving the estate." As stated, the costs proposed herein are actual, necessary costs of preserving the estate. The purpose of the administrative expenses proposed herein is to return the Property to marketable condition. Such expenses are therefore actual and necessary costs of preserving the estate.

9. By separate motion, the Trustee shall seek to reduce the notice period for this motion from twenty-one (21) to seven (7) days.

WHEREFORE, the Trustee prays for entry of an Order allowing the administrative expenses proposed herein, authorizing the Trustee to pay said expenses, and granting such other relief as deemed proper.

Dated this 10th day of February, 2017.

Respectfully submitted,

SENDER WASSERMAN WADSWORTH, P.C.

*/s/ David V. Wadsworth*

David V. Wadsworth, #32066
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
303-296-1999 / 303-296-7600 FAX
dwadsworth@sww-legal.com
Counsel for the Chapter 7 Trustee