## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| BOTTOM LINE RESULTS, INC. ) | Case No. 16-12112 HRT |
| ) | Chapter 7 |
| Debtor. ) | |

___

### MOTION TO SELL REAL ESTATE (198 SUMMER HAVEN) PURSUANT TO PRESERVATION ORDER
___

David E. Lewis, chapter 7 trustee ("Trustee"), through his counsel Sender Wasserman Wadsworth, P.C., hereby submits this Motion to Sell Real Estate (198 Summer Haven) Pursuant to Preservation Order (the "Motion"). In support of the Motion, Trustee states as follows:

1. The Trustee is the duly appointed chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of the Debtor.

2. The within case was commenced by C. Randel Lewis, acting as the court-appointed receiver (the "Receiver") of Bottom Line Results, Inc. in Case No. 14CV31358 (the "Receivership Case"). The bankruptcy filing was authorized by the District Court for the City and County of Denver in the Receivership Case.

3. The Bankruptcy Estate consists of more than thirty properties in Colorado. On August 24, 2016, the Court entered its Order Authorizing Preservation and Sale of Real Property of the Estate (Docket No. 128) (the "Preservation Order"). Pursuant to the Preservation Order, the Trustee is authorized to preserve and sell the real properties identified on Exhibit A to said Order. One such property is known by street address as 198 Summer Haven Drive, Woodland Park, CO 80863 ("198 Summer Haven").

4. The Court explicitly approved sale of all properties identified in Exhibit A to the Preservation Order, including 198 Summer Haven, "free and clear of liens pursuant to 11 U.S.C. §§ 363(b) and (f), provided, however, that for each property the Trustee contracts to sell, the Trustee must file a motion (an 'Approval Motion') seeking approval of (i) the buyer(s) and (ii) the sale price." Preservation Order, at ¶ 3.

5. The within Approval Motion is filed with respect to 198 Summer Haven.[1] The Trustee has entered a contract (the "Contract") to sell 198 Summer Haven to Jonathan D. Fraley (the "Buyer") for the sale price of $120,500. A copy of the Contract is attached hereto as **Exhibit 1**.

___

[1] This is the second motion seeking approval of the sale of 198 Summer Haven. A prior contract was terminated by the prospective buyer prior to closing.

6. There is no conflict of interest between Buyer and Trustee and the sale is an arm's length transaction. The Trustee asserts and believes the sale price represents fair market value for the property. The parties originally agreed to a sale price of $145,500. After inspection, however, it was learned the property required a replacement septic system and extensive well repairs and the price was reduced accordingly.

7. As authorized under the Preservation Order, the Trustee shall pay all closing costs, including brokers' commissions, property taxes, and title insurance, at closing of the sale of 198 Summer Haven.

8. 198 Summer Haven is subject to the following liens:

   a. A first deed of trust granted in favor of Byron M. Summers and Susan M. Summers[2] and securing a debt in the original principal amount of $60,000.00. The deed of trust was recorded with the Teller County Clerk and Recorder on June 28, 2011 at Reception No. 645357.

   b. A second deed of trust granted in favor of David W. Luzan and securing a debt in the original principal amount of $224,000.00. The deed of trust was recorded with the Teller County Clerk and Recorder on June 28, 2011 at Reception No. 645358.

   c. A third deed of trust granted in favor of Byron M. Summers and Susan M. Summers and securing a debt in the original principal amount of $38,000.00. The deed of trust was recorded with the Teller County Clerk and Recorder on November 22, 2011 at Reception No. 648697.

   d. A fourth deed of trust granted in favor of Equity Trust Company Custodian FBO Andrew L. Teutsch IRA and securing a debt in the original principal amount of $24,000.00. The deed of trust was recorded with the Teller County Clerk and Recorder on November 28, 2011 at Reception No. 648794.

   e. A judgment lien held by CACH LLC against the Debtor and recorded with the Teller County Clerk and Recorder on December 18, 2014 at Reception No. 676332.

   f. A judgment lien held by John C. Sleeper and Sharon J. Sleeper against the Debtor and recorded with the Teller County Clerk and Recorder on September 30, 2011 at Reception No. 647557.

9. As required under the Preservation Order, a copy of the within motion and accompanying fourteen-day notice are served on each of the parties set forth above claiming an

---

[2] Mr. Summers died after the transfer of the Deeds of Trust described herein. Because the beneficial interest was held in joint tenancy, Mr. Summers' interest vested in Mrs. Summers.

interest in 70 Spruce Drive, with the exception of CACH, LLC and John and Sharon Sleeper. Both judgment liens have been avoided and preserved for the benefit of the bankruptcy estate.

10. All of the liens against 198 Summer Haven are disputed and the liens shall attach to the proceeds of the sale of the property. As stated, at closing, the Trustee shall pay closing costs. All remaining proceeds will be deposited by the Trustee in a separate "Disputed Funds Account" and distributed only upon entry of an order by the Court authorizing such distribution.

11. The Trustee requests that the Court enter an Order approving this Motion that is self-executing and effective immediately upon entry, and that the stay under Fed.R.Bankr.P. 6004(h) be waived to allow the Trustee to close as soon as practicable.

WHEREFORE, Trustee requests that the Court enter an order in the form attached approving the sale of 198 Summer Haven and granting such other and further relief as deemed proper.

DATED this 27th day of June, 2017.

Respectfully submitted,

WADSWORTH WARNER CONRARDY, P.C.

*/s/ David V. Wadsworth*
David V. Wadsworth, #32066
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
303-296-1999 / 303-296-7600 FAX
dwadsworth@wwc-legal.com
Attorneys for the Chapter 7 Trustee