**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| BOTTOM LINE RESULTS, INC. ) | Case No. 16-12112 KHT |
| ) | Chapter 7 |
| Debtor. ) | |

___

**MOTION TO SELL REAL ESTATE (5504 North Road) PURSUANT TO PRESERVATION ORDER**
___

    David E. Lewis, chapter 7 trustee ("Trustee"), through his counsel Wadsworth Warner Conrardy, P.C., hereby submits this Motion to Sell Real Estate (5504 North Road) Pursuant to Preservation Order (the "Motion"). In support of the Motion, Trustee states as follows:

    1.    The Trustee is the duly appointed chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of the Debtor.

    2.    The within case was commenced by C. Randel Lewis, acting as the court-appointed receiver (the "Receiver") of Bottom Line Results, Inc. in Case No. 14CV31358 (the "Receivership Case"). The bankruptcy filing was authorized by the District Court for the City and County of Denver in the Receivership Case.

    3.    The Bankruptcy Estate consists of more than thirty properties in Colorado. On August 24, 2016, the Court entered its Order Authorizing Preservation and Sale of Real Property of the Estate (Docket No. 128) (the "Preservation Order"). Pursuant to the Preservation Order, the Trustee is authorized to preserve and sell the real properties identified on Exhibit A to said Order. One such property is known by the street address of 5504 North Road, Divide, CO 80814 (the "Property").

    4.    The Court explicitly approved sale of all properties identified in Exhibit A to the Preservation Order, including the Property, "free and clear of liens pursuant to 11 U.S.C. §§ 363(b) and (f), provided, however, that for each property the Trustee contracts to sell, the Trustee must file a motion (an 'Approval Motion') seeking approval of (i) the buyer(s) and (ii) the sale price." Preservation Order, at ¶ 3.

    5.    The within Approval Motion is filed with respect to the Property. The Trustee has entered a contract (the "Contract") to sell the Property to MCB Resources, LLC (the "Buyer") for the sale price of $5,000.00. A copy of the Contract is attached hereto as **Exhibit 1**.

    6.    Buyer has agreed to pay all closing costs, property taxes, and title insurance at closing of the sale of the Property. There are no broker's commissions. Accordingly, Trustee will receive $5,000 at closing.

7. There is no conflict of interest between Buyer and Trustee and the sale is an arm's length transaction. The Trustee asserts and believes the sale price represents fair market value for the property.

8. The Property is subject to the following liens:

    a. A deed of trust in favor of Woodland Escrow, Inc. ("Woodland") and securing a debt in the original principal amount of $85,504.00 (the "Woodland Deed of Trust"). The Woodland Deed of Trust was recorded with the Teller County Clerk and Recorder on September 16, 2004 at Reception No. 571392.

    b. A Transcript of Judgment in favor of John C. Sleeper and Sharon J. Sleeper in the original amount of $109,000.00 (the "Sleeper Judgment"). The Sleeper Judgment was recorded with the Teller County Clerk and Recorder on September 30, 2011 at Reception No. 647557.

    c. A Transcript of Judgment in favor of CACH, LLC in the original amount of $34,371.03 (the "CACH Judgment"). The CACH Judgment was recorded with the Teller County Clerk and Recorder on December 18, 2014 at Reception No. 676332.

    d. A deed of trust in favor of Equity Trust Company Custodian FBO David Facer IRA ("Equity Trust") and securing a debt in the original principal amount of $59,000.00 (the "Equity Trust Deed of Trust"). The deed of trust was recorded with the Teller County Clerk and Recorder on June 9, 2015 at Reception No. 680018.

9. As required under the Preservation Order, a copy of this motion and accompanying fourteen-day notice are served on the parties set forth above claiming an interest in the Property except for the Sleeper Judgment and the CACH Judgment because Trustee has avoided and preserved those liens for the benefit of the Bankruptcy Estate. *See* Adversary Proceeding Nos. 16-1484 KHT and 16-1483 KHT.

10. As set forth in Exhibit A to the Preservation Order, the Woodland Deed of Trust is not disputed. The Buyer is taking the Property subject to the Woodland Deed of Trust, therefore no proceeds will be paid to Woodland at closing.

11. No proceeds will be distributed to Equity Trust and Equity Trust will not have a lien on the proceeds for two reasons. First, in a hypothetical foreclosure or hypothetical cram down, the Equity Deed of Trust is wholly unsecured and therefore an adequate protection lien is not required. *See* 11 U.S.C. § 363(f)(1) and (5); *In re Healthco Int'l., Inc.*, 174 B.R. 174, 177-178 (Bankr. D. Mass. 1994) (authorizing sale free and clear of liens and holding that junior lienholder is not entitled

to any proceeds because it is wholly unsecured). Second, Trustee is entitled to surcharge the proceeds under 11 U.S.C. § 506(c) because Woodland is undoubtedly benefitting from the transaction. Accordingly, the proceeds will not be deposited into the "Disputed Funds Account" and will instead be deposited into the Bankruptcy Estate's general account.

12. The Trustee requests that the Court enter an Order approving this Motion that is self-executing and effective immediately upon entry, and that the stay under Fed.R.Bankr.P. 6004(h) be waived to allow the Trustee to close as soon as practicable.

WHEREFORE, Trustee requests that the Court enter an order in the form attached approving the sale of the Property and granting such other and further relief as deemed proper.

DATED this 3rd day of April, 2018.

Respectfully submitted,

WADSWORTH WARNER CONRARDY, P.C.

*/s/ Aaron J. Conrardy*
David V. Wadsworth, #32066
Aaron J. Conrardy, #40030
Lacey S. Bryan, #51908
2580 W Main Street, Suite 200
Littleton, CO 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wwc-legal.com
aconrardy@wwc-legal.com
lbryan@wwc-legal.com
Attorneys for the Chapter 7 Trustee

3